IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SANTIAGO ISAIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-09-3197 |
| MARMION INDUSTRIES CORP., § | |
| ELLEN M. RAIDL, and § | |
| WILBERT MARMION, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Santiago Isais, brings this action against defendants, Marmion Industries Corp., Ellen M. Raidl, and Wilbert Marmion, for failure to pay one and one-half times his regular rate of pay for each overtime hour worked in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). Pending before the court is Defendants' Rule 12(b)(5) Motion to Dismiss the Suit for Insufficient Service of Process (Docket Entry No. 8). Plaintiff argues that defendants' motion should be denied because they have been properly served or, alternatively, that the court should "quash service and afford Plaintiff the opportunity to attempt to perfect service by other means, specifically by Waiver of Service of Summons."[1] For the reasons stated below, defendants' motion to

---

[1]Plaintiff's Response to Defendants' Motion to Dismiss (Plaintiff's Response), Docket Entry No. 9, p. 3.

dismiss will be denied, but service of process on the defendants will be quashed, and plaintiff will be given an extension to April 30, 2010, to effect proper service upon the defendants and to file proof of service with the court.

## I. Standard of Review

Federal Rule of Civil Procedure 12(b)(5) authorizes the court to dismiss a case for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). The Federal Rules of Civil Procedure distinguish between service of process for individuals and service of process for corporations. Rule 4(e) covers service of process for individuals, and it provides two methods for a plaintiff to effect proper service of process. One method allows the plaintiff to effect service of process pursuant to the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). The other method allows a plaintiff to "deliver[ ] a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2). Rule 4(h) sets forth the proper methods of service of process for corporations. Rule 4(h) provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served:
>
> (1) in a judicial district of the United States
>
>> (A)  in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B)  by delivering a copy of the summons and of the complaint to an officer, a managing or general

-2-

>       agent, or to any other agent authorized by
>       appointment or by law to receive service of process
>       . . .

Fed. R. Civ. P. 4(h)(1)(A)-(B). When service of process is challenged, the serving party bears the burden of proving its validity. See <u>Systems Signs Supplies v. United States Department of Justice, Washington, D.C.</u>, 903 F.2d 1011, 1013 (5th Cir. 1990).

## II. <u>Undisputed Facts</u>

Plaintiff commenced this action on October 2, 2009 (Docket Entry No. 1). The Clerk's file reflects that on November 20, 2009, summons were issued for Marmion Industries Corp., Wilbert Marmion, and Ellen Raidl, and that on December 14, 2009, returns of summons were filed showing that on November 30, 2009, Marmion Industries Corp. was served through its registered agent, Wilbert Marion (Docket Entry No. 5), and Wilbert Marmion and Ellen Raidl were served (Docket Entry Nos. 6 and 7).[2]

## III. <u>Analysis</u>

Defendants argue that this action should be dismissed because plaintiff failed to use a person authorized by Texas Rule of Civil Procedure 103 to serve defendants via certified mail, and failed to properly record proof of service. Plaintiff argues that the action should not be dismissed because the defendants have been properly

---

[2]Defendants' Rule 12(b)(5) Motion to Dismiss the Suit for Insufficient Service of Process and Memorandum in Support (Defendant's Motion to Dismiss), Docket Entry No. 8, pp. 2-3.

served in accordance with Texas law. Alternatively, plaintiff argues that the court should not dismiss the action, "but instead quash service and afford [him] the opportunity to attempt to perfect service by other means, specifically by Waiver of Service of Summons."[3]

**A.   Were the Defendants Served Effectively?**

Defendants argue that under Texas law "Plaintiff's use of a process server to deliver the summons and complaint to Defendants via certified mail is improper and insufficient service of process."[4] Citing Delta Steamships Lines, Inc. v. Albano, 768 F.2d 728, 730 (5th Cir. 1985), defendants argue that "[u]nder Texas law, a process server is not an 'authorised person' under Rule 103 to serve process via certified mail."[5] Defendants also cite two unpublished opinions by federal district courts in Texas stating that under Texas law only the clerk of the court may serve process via certified mail. See Osorio v. Emily Morgan Enterprises, L.L.C., 2005 WL 589620, *2 (W.D. Tex., March 14, 2005) ("[a]lthough Texas permits service of process via certified mail, return receipt

---

[3]Plaintiff's Response, Docket Entry No. 9, p. 3.

[4]Defendants' Motion to Dismiss, Docket Entry No. 8, p. 3. See also Defendants' Reply to Plaintiff's Response to Defendant's Rule 12(b)(5) Motion to Dismiss (Defendants' Reply), Docket Entry No. 10, p. 1 (arguing that "Plaintiff improperly served Defendants by mailing the Summons and Complaint via certified mail through a process serving company").

[5]Id.

requested, only the clerk of the court may serve process in this manner"); Kleppinger v. Associations Corp. of North America, 2003 WL 22329032, *2 (N.D. Tex., October 6, 2003) ("only the clerk of the court may serve process [via certified mail, return receipt requested]").  See also Mori Seiki USA, Inc. v. McIntyre, 2007 WL 2984658, *1 (N.D. Tex., October 12, 2007) (recognizing that "[t]here appears to be some conflict as to who is authorized to perform service by mail under [Texas] Rule [of Civil Procedure] 106(a)(2)").

Plaintiff responds that "[o]n November 30, 2009, each of the Defendants separately received Plaintiff's Summons and Complaint via certified mail from a certified process server, Tod Pendergrass of Direct Results Legal Services.  On December 14, 2009, Plaintiff filed the Affidavits of Service with the Court.  (Docket #5-7)."[6] Citing P & H Transportation, Inc. v. Robinson, 930 S.W.2d 857 (Tex. App. -- Houston [1st Dist.] 1996, writ denied), plaintiff argues that defendants' interpretation of Texas law to limit the persons who may serve process by registered mail to the clerk of the court is mistaken.[7]

Under Texas law, one means of service is "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition

---

[6]Plaintiff's Response, Docket Entry No. 9, p. 1.

[7]Id. at 2.

attached thereto." Tex. R. Civ. P. 106(a)(2). For corporate defendants, "[t]he president and all vice presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process . . . to be served upon the corporation may be served." Tex. Bus. Corp. Act. art. 2.11(A). Such service must be made by a "person authorized by Rule 103." Tex. R. Civ. P. 106(a).

Plaintiff attempted to serve the defendants by certified mail. Such service is only valid if it complies with Texas law. Todd Pendergrass,[8] a private process server, was the person who served the defendants by certified mail. The validity of service depends on whether Pendergrass was authorized to serve process under Texas Rule 103.

Texas Rule 103 states that service may only be made by persons authorized by law or court order who are not "a party to or interested in the outcome of a suit." Tex. R. Civ. P. 103. Rule 103 also provides: "Service by registered or certified mail and citation by publication must, if requested, be made by the clerk of the court in which the case is pending." Tex. R. Civ. P. 103. Some courts have concluded that this language allows only the clerk of court and no other persons to serve by certified mail. See Osorio, 2005 WL 589620, at *2 ("Although Texas permits service of process via certified mail, return receipt requested, only the

---

[8]See Docket Entry Nos. 5-7.

clerk of the court may serve process in this manner."); and Kleppinger, 2003 WL 22329032, at *2-*3 ("only the clerk of the court may serve process [via certified mail, return receipt requested]"). Other courts have determined that the rule is broader. See P & H Transp., 930 S.W.2d at 859 (service by authorized private process server is valid because "service by mail may be made not only by the clerk but also by other authorized persons").

The returns of service filed with the court state that Pendergrass is a private process server, but do not state that Pendergrass is authorized by law or court to serve the defendants.[9] See, e.g., Garza v. Watkins, 2009 WL 540221, * (Tex. App. -- San Antonio, March 4, 2009) (recognizing that an affidavit stating that the person who served the defendants was "employed as a civil process server and [is] authorized to serve civil process in . . . any county in the State of Texas, excluding Harris County," was sufficient to show that the person who served the defendants was authorized by law to serve process in Willacy County). Although in response to the defendants' motion to dismiss plaintiff asserts that Pendergrass is a certified process server,[10] plaintiff fails to provide the court any evidence that Pendergrass is a "person authorized by Rule 103" to serve process upon the defendants.

---

[9]See Docket Entry Nos. 5-7.

[10]Plaintiff's Response, Docket Entry No. 9 at p. 1.

Because plaintiff has failed to present any evidence showing that Pendergrass is a "person authorized by Rule 103" to serve process upon the defendants, the court concludes that plaintiff has failed to satisfy his burden to show that the defendants were served by a proper person using a proper method and, therefore, that service on the defendants was not properly effected.  See Systems Signs Supplies, 903 F.2d at 1013 (plaintiff bears the burden to show that service was proper).

**B.   Plaintiff's Request to Quash Instead of Dismiss**

"[I]f this Court should find merit to Defendants' Motion, Plaintiff respectfully requests the Court not to dismiss this case, but instead quash service and afford Plaintiff the opportunity to attempt to perfect service by other means, specifically by Waiver of Service of Summons."[11]  Since this action was filed on October 2, 2009, the 120-day period for effecting service upon the defendants has expired.  See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

---

[11] Id. at 3.

-8-

The Fifth Circuit has directed district courts to extend the time for service upon a showing of good cause. See Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). "Good cause" normally requires some evidence of "good faith on the part of the party seeking an enlargement [of time] and some reasonable basis for non-compliance within the time specified." Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995). However, if good cause does not exist, the court has discretion to extend the time to serve. Thompson, 91 F.3d at 21. Although plaintiff has failed to establish that he effected proper service upon the defendants, it nevertheless appears that by having a private process server send the summons and complaint to the defendants by certified mail, plaintiff made a good faith effort to obtain service on the defendants. Moreover, the record reflects that the defendants received actual notice of this action soon after it was filed, and defendants have not argued that late service would be futile or would impose upon them any prejudice or undue hardship. Accordingly, the court concludes that the defendants' motion to dismiss should be denied, but that the service effected upon them should be quashed, and the time for effecting proper service of process upon them should be extended to April 30, 2010. The court reminds the defendants that Rule 4(d)(2) provides that

> [i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

>    (A)   the expense later incurred in making service; and
>
>    (B)   the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2).

## IV.   Conclusions and Order

For the reasons explained above, the court concludes that the defendants were not properly served.  Defendants' Rule 12(b)(5) Motion to Dismiss the Suit for Insufficient Service of Process (Docket Entry No. 8) is **DENIED.**  The service effected upon the defendants on November 30, 2009, is **QUASHED.**  The period for effecting service of process upon the defendants is extended to April 30, 2010.  **Plaintiff is warned that failure to obtain proper service upon the defendants may result in the dismissal of this action under Federal Rule of Civil Procedure 4(m).**

The March 5, 2010, initial pretrial and scheduling conference is **CANCELED.**  The conference will be held on May 28, 2010, at 3:00 p.m., in Court Room 9-B, 9th Floor, United States Courthouse, 515 Rusk Street, Houston, Texas 77002.  The joint discovery/case management plan will be filed by May 18, 2010.

**SIGNED** at Houston, Texas, on this 24th day of February, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE